## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. ROMAN. (No. 8670.)*

(Court of Civil Appeals of Texas. Dallas. June 10, 1922. Rehearing Denied Oct. 14, 1922.)

1. **Appeal and error ⊚═══1041(5)—Trespass to try title ⊚═══34—Disclaimer by defendant as to part of land claimed adversely after conclusion of evidence in discretion of court, and not prejudicial.**

 In trespass to try title by a railroad company to recover a tract of land contiguous to and including plaintiff's right of way, wherein defendant pleaded title under the 10-year statute of limitations, that, before the case was presented to the jury, but after the evidence had been concluded, defendant was allowed to disclaim as to the land embraced within the right of way, *held* not an abuse of discretion nor prejudicial to plaintiff; no evidence that defendant claimed the right of way having been introduced.

2. **Trial ⊚═══25(4)—Defendant claiming by adverse possession held properly allowed to open and close.**

 In trespass to try title by railroad company against an occupant of land contiguous to the right of way, who relied upon title under the 10-year statute of limitations, it was not improper to allow defendant's counsel to open and conclude the argument; the entire burden of proof being upon defendant as to title by limitation, which was the only issue in the case.

3. **Adverse possession ⊚═══36—Inclosure by defendant of other land of plaintiff held not to prejudice defense of title by limitation.**

 In trespass to try title by a railroad company against an occupant of land contiguous to the right of way, who relied upon title under the 10-year statute of limitations, that defendant had extended his fences under trestles on plaintiff's right of way so as to connect with a fence on the other side, thus including the right of way, *held* not to prevent him from asserting the limitation title; the company's use of the right of way not being related to the tract sued for, nor constituting constructive possession thereof.

4. **Adverse possession ⊚═══114(1)—Evidence held to sustain claim of occupancy under 10-year statute.**

 In trespass to try title by a railroad company against an occupant of a tract contiguous to the right of way, evidence *held* to sustain a claim of occupancy by defendant with intention to assert title by limitation at the end of the 10-year period.

 Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

 Trespass to try title by the St. Louis Southwestern Railway Company of Texas against Pauline Roman. Judgment for defendant, and plaintiff appeals. Affirmed.

 E. B. Perkins, of Dallas, and Richard Mays, of Corsicana, for appellant.

 J. S. Simkins and Callicutt & Johnson, all of Corsicana, for appellee.

 HAMILTON, J. This was a suit in trespass to try title. The defense relied upon was a plea of title acquired under the 10-year statute of limitation.

 The original suit, which was filed October 30, 1909, was for the recovery of 32.4 acres of land lying contiguous to appellant's right of way. By amendment filed October 23, 1918, appellant included in its suit its right of way also, which was 100 feet wide and extended along and adjoined the north end or boundary of the tract originally sued for. The right of way tract was acquired by appellant under a deed in 1880. The 32.4-acre tract was conveyed to appellant by deed in 1881.

 Appellee has no character of title by conveyance, and, as above said, claims only by limitation.

 The record contains substantial evidence to sustain the following conclusions of fact: Jake Roman, appellee's husband, inclosed the 32.4-acre tract about 1897. At that time he owned a tract south of it. He built a fence along the east side of it and across the right of way belonging to appellant by extending the fence under a bridge on the right of way and tied this fence to a fence of another landowner which extended along the northern boundary of the right of way. On the west side he also tied to this same fence and extended a fence south under another trestle or bridge on the right of way and connected it with the fence of another landowner whose tract lay alongside and adjoining the west line of the 32.4-acre tract. This fence seems to have divided the two tracts on a line running north and south to the south line of a private lane which ran east and west between the south line of the railroad right of way and the north line of the adjoining tract on the west side of the 32.4-acre tract. Roman, soon after taking possession of the land, fenced off hog lots which included about 5 acres of the tract. This was later extended to the extent of including about 10 acres more of the 32.4-acre tract for the use of hog lots or pastures. The land was wooded, and Roman cut timber during his possession of it, part of which he used and part of which he sold. He reduced to cultivation an area of about 12 acres. He cultivated a portion of the land from a date soon after he took possession of it until his death. After his death his surviving wife, the appellee, continued in like manner to use and occupy the land. Jake Roman undertook to locate the owner of the property for the purpose of buying it before he took possession of it. He had heard appellant owned it. He wrote to appellant's officials, making inquiry and ex-

pressing his desire to make the purchase. To this letter he received a reply to the effect that appellant had no knowledge of its ownership of such land. Roman was then advised by an attorney whom he consulted that by fencing the land and holding it in his possession 10 years he could acquire title by limitation. He thereupon inclosed it in the manner above stated and began to use and control it. His use and occupancy clearly were actual, visible, open, notorious, and hostile to appellant's claim.

The 32.4-acre tract was purchased by appellant for the purpose of constructing upon it a tank and pump station from which to supply water to the railway company. Soon after the purchase a tank was built and a pumping plant was installed. This was operated for a short time, but was soon abandoned. The water station seems to have been discontinued in 1882. Subsequent to this abandonment the railway company never visibly asserted any claim to the property by acts of ownership or made any effort to use and occupy it, unless its use of the right of way over which its cars and equipment in the nature of rolling stock passed in its daily operations constituted a constructive claim of ownership and occupancy. This use of the right of way was not aided or contributed to by the 32.4 acres of land. This land bore no appurtenance, of course, to the use of the right of way for the passage of trains, etc., over the right of way.

The court properly instructed the jury as to the effect of the ten-year limitation upon the right of a claimant to recover land and gave the jury, in the charge, the statutory definitions of peaceable possession and adverse possession, and also instructed the jury as to the character of claim and possession requisite to sustain claim of title by limitation. At appellant's instance the jury was also given the following special charge:

"Gentlemen of the jury, you are instructed as a part of the law of the case, by which you will be governed in answering special issues, as follows: If you believe from the evidence that Jake Roman, at the time he undertook to inclose the plaintiff's tract of land, together with the Garitty tract, or any portion of the land sued for by plaintiff, did not intend to take said land by limitation of 10 years, but his purpose was to use said land until such time as he could find a representative of the railroad company from whom he could buy same and get a deed, and that such possession, use, and purpose existed for any period of time after October 30, 1899, then such possession would not be sufficient to start the running of limitation against plaintiff, and you will return a verdict for the plaintiff."

In connection with the above-stated instructions and an instruction that the burden of proof rested upon appellee, the case was submitted to a jury upon special issues as follows:

"Did Mrs. Pauline Roman or her husband, Jake Roman, have and hold actual, peaceable, and adverse possession of the 32.4 acres of land described in plaintiff's petition, or any part thereof, cultivating, using, or enjoying the same for a period of 10 years before October 30, 1909?

"If you answer the foregoing question in the affirmative, then you need not answer the other questions herein submitted to you, but if you answer the foregoing question in the negative, then you will find and answer the following questions:

"What is the reasonable market value of the timber cut from the land described in plaintiff's petition by the defendant since October 30, 1909, said amount found by you, if any, not to exceed the sum of $500?

"By the term 'reasonable market value' is meant the amount that said timber would have sold for in its uncut state at the time it was cut by the defendant.

"What is the reasonable rental value of the land described in plaintiff's petition since October 23, 1916, said amount found by you, if any, not to exceed the sum of $2.50 per acre per year?

"By the term 'reasonable rental value' is meant the amount that said land would have rented for the years herein named in its original uncleared and unfenced condition."

The first question having been answered in the affirmative, and the main fact issue thereby determined favorable to appellee, the land was decreed to her.

[1] Before the case was presented to the jury, but after the evidence had been concluded, appellee filed a disclaimer as to the land embraced in the right of way. Appellant objected to and resisted the entering of this plea. The action of the court in permitting it is challenged in the first proposition presented to us. There appears to have been introduced no evidence indicating that appellee claimed the right of way. The disclaimer worked no harm to appellant. It made the answer clearly conform to the proof as to the extent of claim asserted by appellee. To allow or refuse the filing of the pleading was a matter within the trial court's discretion. Permitting it to be filed under the circumstances was not an abuse of that discretion. Whitehead v. Foley, 28 Tex. 9; Davis v. Collins (Tex. Civ. App.) 169 S. W. 1130.

[2] The court permitted appellee's counsel to open and conclude the argument, and of this appellant complains. The evidence on the issue of damages and rentals was so lacking in substance and definiteness as to present nothing for the jury to pass upon. The proof relating to the removal of timber from the land all seems to refer to a period of time which renders it unavailing against the plea of limitation interposed by appellee upon this feature of the case. Even if such proof had supplied any basis for the computation of damages, which it did not, the damages clearly would have been barred by lim-

itation. Accordingly as to rentals and damages there was nothing, it seems to us, the jury could determine. Since appellee rested her defense and assertion of title upon the plea of limitation, the burden of proof was upon her to establish it, and, for that reason, the entire burden of proof upon the only issue in the case was hers. The court therefore committed no error in permitting her attorneys to open and conclude the argument.

[3] We think that the circumstances of appellee and her husband having extended the fences along the western and eastern boundaries of the 32.4 acres under trestles on appellant's right of way so as to connect with a fence along the north side of the right of way has no adverse bearing upon the right of appellee to assert her limitation title. Her use and occupancy of the 32.4 acres was confined solely to it. The railway company's use of the right of way was in no wise related to the 32.4 acres, bought from a different grantor from that who conveyed the right of way, and at a different date. The occupancy and corporate use of the right of way by appellant for a specific purpose, which bore no relation whatever to the 32.4 acres of land, did not, under the circumstances which existed, operate to give appellant constructive possession of the 32.4 acres against appellee's actual occupancy of it. The actual possession of the right of way by appellant for the use to which it subjected the right of way cannot, in any sound view, sustain the theory that such possession and such use operated in legal effect to extend appellant's possession by construction to the 32.4 acres. In this connection we express the view that appellee's possession, use, and occupancy may be said to have extended in actuality to every portion of the 32.4 acres of land. That is, if we take, as we must, the strongest evidence introduced in appellee's behalf in support of her suit with reference to this feature.

Numerous assignments of error are directed against the charge of the court given and against the action of the court in refusing to give certain special charges. Above we have set out the substantial elements of the charge which are assailed by appellant's assignments and propositions in relation to instructing the jury. We think a reading of the charge is sufficient to disclose that the case was properly presented to the jury under the evidence. Both the pleadings and the evidence made the case precisely a suit in trespass to try title, which was resisted solely upon the ground of limitation. The questions submitted necessarily covered every element and theory embodied in the pleadings and evidence, and accordingly we think there is not substantial ground upon which to base the various criticisms of the charge given.

[4] Contention is made that the evidence shows the fact to be that Jake Roman's possession of the land sued for was not begun with the intention of claiming it under the ten-year statute of limitation, and that for this reason the judgment of the court should have been for appellant. The evidence shows that Jake Roman first sought to locate the owner of the land for the purpose of buying it, and, having derived from some source information to the effect that appellant owned it, wrote appellant a letter in pursuit of the intention to purchase. This letter was answered, according to testimony in appellee's behalf, to the effect that, so far as the knowledge of the railway company's officials extended, it owned no such land. Soon thereafter Jake Roman's lawyer advised him to fence the land and assert adverse use and possession for a period of 10 years in order to acquire title by limitation. According to other evidence in appellee's behalf, this suggestion was followed immediately by such steps being taken for the purpose of accomplishing ownership through this very process. Besides, both Jake Roman's and appellee's attitude, conduct, and general course of dealing with the property through the years refute the contention that the intention to claim it did not exist with them. It cannot be said that this evidence is insufficient to sustain the claim of occupancy under the intention to assert title by limitation at the end of the 10-year period. There is nothing in the record to indicate that Jake Roman ever abandoned such intention during his life, and the evidence discloses that after his death his wife, the appellee, continued the occupancy and use of the land in pursuit of such original intention.

Believing that the evidence is sufficient to sustain the finding of the jury, and that the case was properly submitted, it is our duty to affirm the judgment of the court below, and accordingly it is so ordered.

Affirmed.