### ENGELMAN v. ANDERSON et al.
### (No. 6780.)

(Court of Civil Appeals of Texas. San Antonio. June 14, 1922. Rehearing Denied June 28, 1922.)

**1. Judgment ⬤⟾452 — Foreclosure under first lien not set aside in favor of record holder of second lien notes.**

Plaintiff, the original holder of second lien notes secured by land, cannot prevail in an action to set aside a regular foreclosure and sale under the first lien by asserting that he had, with knowledge of the foreclosing parties, repurchased from his assignee his notes at time of foreclosure, and by tendering payment of the first lien notes, where plaintiff's assignee, who was made a defendant in the foreclosure, was the record holder and actual owner at time of foreclosure.

**2. Trial ⬤⟾25(13)—Burden of proof on defendant, who may open and close argument on his cross-action alleging plaintiff's fraud, and where plaintiff pleads a compromise.**

Where plaintiff's original cause of action to preserve a lien upon land given to secure notes made by defendant, was eliminated from the case leaving nothing to try but his right to

---

recover personal judgment against defendant, who admitted execution of the notes and by cross-action alleged they were given as consideration for his purchase of the land fraudulently induced by plaintiff, against which plaintiff pleaded a compromise and settlement, the burden of proof was on defendant, who was, under article 1953, properly allowed to open and close the argument.

**3. Trial ⊆⇒139(4)—Directed verdict for plaintiff properly refused, where defense constitutes cross-action and plaintiff pleads compromise which is put in issue.**

In an action on notes made by defendant, who alleged they were given for land sold him by plaintiff upon fraudulent representations, this defense, although denominated by defendant as failure of consideration, constituted a cross-action for damages, and where plaintiff did not plead limitation or waiver, but alleged a compromise which was put in issue, this was a jury question, and a directed verdict for plaintiff was properly refused.

**4. Appeal and error ⊆⇒742(4)—Court will not search statement of facts for evidence not pointed out in proposition.**

No duty rests on the court to search the statement of facts to find evidence to support an assignment where the statement under the proposition contains no evidence to support it.

**5. Trial ⊆⇒145—Withdrawal of issue of defendant's solvency proper, where it is rendered immaterial by cross-action alleging plaintiff's fraud.**

Where the action of plaintiff, holding notes made by defendant and secured by a second lien on land plaintiff had conveyed to defendant, was to set aside a foreclosure and sale under first lien through which defendant's wife acquired the land, the plaintiff alleging defendant was insolvent and in conspiracy against him in foreclosing, the question of insolvency was properly withdrawn as immaterial, when defendant cross-complained that plaintiff fraudulently induced him to purchase the land and the jury took the case upon the issue of a compromise pleaded by plaintiff relating to his alleged fraudulent sale.

Error from District Court, Hidalgo County; Hood Boone, Judge.

Action by J. C. Engelman, Jr., against O. J. Anderson and others. From a judgment against plaintiff on cross-action he brings error. Affirmed.

Graham, Jones, Williams & Ransome, of Brownsville, for plaintiff in error.

Seabury, George & Taylor, of Brownsville, for defendants in error.

SMITH, J. This suit involves a tract of 40 acres of land in Hidalgo county, which was owned by W. L. Easley at the beginning of the transactions under consideration. Easley sold the land to J. C. Engelman, a part of the consideration being evidenced by five vendor's lien notes executed by Engelman,

payable to Easley. Engelman in turn sold the land to O. J. Anderson, who assumed the former's obligations to Easley, and gave his notes to Engelman for the balance of the deferred payments. Easley assigned the Engelman notes, as collateral, to Wm. Giles, and Engelman sold the Anderson notes to W. H. Heyer, indorsing them in blank. So, when the controversies under inquiry here arose, Easley, as payee, and Giles, as pledgee, owned the notes of Engelman which Anderson had assumed and which were secured by a first lien on the land; and Heyer, as assignee, owned the notes of Anderson, which were secured by a second lien on the land. All these matters were of record.

Both Engelman, as maker, and Anderson, who assumed them, defaulted in the payment of the notes of Engelman to Easley, and the latter, together with the pledgee, Giles, filed suit, No. 2087, against Engelman and Anderson, for the amount of the notes, and to foreclose the first lien on the land, and also against Heyer as the holder of the second lien to establish the relative dignity of the two liens. Upon the trial of that suit, Engelman, who was a nonresident and had not been served, was dismissed; Heyer, also a nonresident, was personally served with out of state notice, but made no appearance, and filed no answer; Anderson appeared and answered. Judgment was rendered in favor of Easley and Giles against Anderson for the amount of the notes sued on, $4,666.79, for foreclosure against all the defendants, and against Anderson for whatever deficiency, if any, existed after sale of the land. In due course the land was sold under that judgment to F. W. Seabury for $1,500, and Seabury sold it to Caroline Anderson, wife of the said O. J. Anderson, for $4,807.25, which was paid out of her separate funds, according to the record here.

The instant suit was instituted by Engelman against Mr. and Mrs. Anderson, Heyer, Seabury, Giles, Easley, the sheriff of Hidalgo county, and the Donna irrigation district to set aside the judgment in cause No. 2087, and the sale of the land made thereunder, and to cancel the sheriff's deed to Seabury and the deed from the latter to Mrs. Anderson; to reopen cause No. 2087 and allow plaintiff an opportunity to assert his right and equities in the land, and for personal judgment against O. J. Anderson for the amount of the notes the latter had executed in favor of plaintiff, and for the establishment of a lien against the land to secure the payment of said notes, it being alleged that Anderson is insolvent; and plaintiff, admitting priority of Easley's lien, offered to pay off same in order to secure his equities under his second lien, claiming to be the owner, by repurchase from Heyer, of the Anderson second lien notes. To support his cause of action Engel-

man alleged that prior to the filing of suit in cause 2087 he had repurchased the Anderson notes from Heyer, and still owned them, of which the defendants had full knowledge; that, in bringing and prosecuting that suit, in the purchase of the land at sheriff's sale by Seabury (who was the attorney for all the defendants) and in the sale by Seabury to Mrs. Anderson, the defendants conspired to defraud plaintiff of his equities in the land; that the order of sale issued in cause 2087, and the sale made thereunder were defective and void, and that, while that suit was pending and before the trial thereof, the defendant Easley made an oral agreement with plaintiff's agent to postpone any action therein until the fall of 1919, but in violation of that agreement took judgment in that cause in March, 1919, thus preventing plaintiff from preserving his equities. The trial court sustained exceptions, and struck out the allegations setting up the agreement to postpone action, and the irregularities in the order of sale, and the sale made thereunder. No error is assigned in this court on the action of the court below in sustaining those exceptions, and those issues are thus eliminated from the appeal.

In the court below the defendants Heyer and the sheriff of Hidalgo county filed no answers, defendants Seabury, Easley, and Giles disclaimed, Mrs. Anderson asserted she was an innocent purchaser of the land, and Anderson, admitting the execution of the notes, alleged that he had paid the first one, and by way of cross-action sought to defeat payment of the remaining four, on the ground that Engelman's agents induced him to purchase the land and execute the notes by false and fraudulent representations, to which Engelman replied in a supplemental petition, admitting that the first note had been paid as alleged, and alleging that the matters set up by Anderson as a defense had been · compromised and settled.

At the conclusion of the testimony upon the trial, the court held that as a matter of law, under the undisputed evidence, Engelman was not entitled to recover in his suit to set aside the former judgment and sale of the land, and submitted to the jury only those issues raised in Anderson's cross-action and Engelman's defense thereto, placing the burden upon Anderson to prove his case, and upon Engelman to prove his defense thereto. In this status of the case, and upon motion of the defendants, over the objection of plaintiff, the court permitted the defendants to open and close the argument. The jury found against Engelman, and from an adverse judgment based on these findings he has appealed.

[1] We think the court was fully warranted by the evidence in holding that appellant, Engelman, had made no case warranting the court to set aside the former judgment or the sale of the land made thereunder. It was conclusively shown that at the time the suit was brought and judgment rendered the notes of Anderson were actually owned by Heyer, whose title was of record, and he was properly sued and precluded by the judgment. No irregularities were shown to exist in any of the proceedings, or in the sale made in pursuance thereof. Engelman had no equities of any character in the land at any stage of the proceedings, and the fact that he reacquired the Anderson notes after the suit was filed, judgment obtained, and the land sold gave him no equities that had not been fully adjudicated and foreclosed in the suit. For these reasons the court properly limited the matters submitted to the jury to such issues as related to Anderson's cross-action.

[2] Appellant earnestly insists that the court erred in allowing the defendants below to open and close the argument to the jury. The question is not without its difficulties, but we have concluded that in the situation existing at the time the case went to the jury, it was proper to reverse the usual order and permit the defendants to open and close the argument. The plaintiff's cause of action had been entirely eliminated from the case, except in so far as he sought to recover on the notes he sued on. In his pleadings the defendant had admitted the execution and delivery of those notes, and the plaintiff's ownership thereof, but sought to defeat them by reason of the facts alleged in his cross-action. The burden of proof was upon defendant to prove these facts, and the jury had been so charged. Plaintiff had sought in a supplemental pleading to defeat the cross-action by a plea of compromise and settlement, to prove which the burden was placed upon him, of course. While the statute (article 1953) expressly provides that "the party having under the pleadings the burden of proof on the whole case shall be entitled to open and conclude the argument," it nevertheless leaves it to the court to arrange the order of argument where there is a diversity of parties and contentions, and unless there is a clear abuse of this discretion in a given case, the action of the court should not be disturbed on appeal. The rule prescribed should be given a practical application, of course, and the order of argument should co-ordinate with the burden of proof, so that the party having this burden should have the advantage in the order of argument, as contemplated by the rule. Here, the plaintiff's principal cause of action had been eliminated from the case, leaving nothing to try but the plaintiff's right to recover a personal judgment against defendant Anderson on the latter's notes. As Anderson had in his pleadings admitted the execution and delivery of these notes to plaintiff, the latter was entitled as a matter of law to recover thereon, unless

the defendant, assuming the burden of proof, could defeat them by the facts set out in his cross-action in avoidance thereof. As a practical matter, then, the defendant had assumed the position of plaintiff in the case, and the plaintiff was relegated to the position of defendant, and in this situation the court reversed the usual order of argument to co-ordinate with the changed positions of the parties. The right to open and close the argument is a valuable one, and belongs to him upon whom the burden of the case rests; and, as the only issues remaining in this case when it reached the jury were those arising out of the defendant's cross-action, and as the whole burden of maintaining that action rested upon the defendant, we cannot say the court abused its discretion by arranging the argument accordingly. Article 1953, District Court Rule 31; Alstin's Ex'r v. Cundiff, 52 Tex. 453.

The language of appellees' counsel, complained of in appellant's twelfth assignment of error, was not of such nature as to warrant a reversal of the judgment, even if it was such as to require the court to instruct the jury to disregard it, which is quite doubtful. The twelfth assignment of error will be overruled.

In his third and ninth assignments of error appellant complains of the finding of the jury as to the value of the land involved at the time of its sale to appellee Anderson. Appellant does not undertake to set out the evidence introduced upon this issue, but we have nevertheless examined the statement of facts, and conclude that the testimony was sufficient to sustain the jury's findings, and the assignments will be overruled.

[3] Appellant complains, in his fifth and sixth assignments of error, of the court's refusal to direct a verdict for him upon the notes sued on, insisting that the record shows the matters set up by appellee Anderson as a defense to the notes were settled and compromised by the parties. These assignments must be overruled. Anderson sought to defeat the payment of notes by showing that he was induced to execute them through fraudulent representations of appellant. This defense was denominated by appellee as failure of consideration, but the facts alleged constitute a cross-action for damages rather than the defense of failure of consideration. Lovett v. Paschen, recently decided by this court, 241 S. W. 685, but not yet [officially] published. The jury, upon sufficient evidence, found against appellant on the issue of compromise, and as appellant did not plead limitation or waiver, those defenses, while undoubtedly applicable, are not now available.

[4] By his tenth assignment of error appellant complains of the action of the court in refusing to submit to the jury the issue of whether or not Wm. L. Easley made an oral agreement with appellant's agent to continue, or postpone the trial of, cause 2087. In the statement under the proposition based on this assignment of error, the appellant sets out no evidence relating to this issue, or warranting its submission, and no duty rests upon this court to search the 121-page statement of facts to ascertain if it contained such evidence. Besides, the record indicates that the allegations setting up this agreement were stricken out on exceptions, and, that being true, it would have been error for the court to submit the issue, as requested.

[5] Complaint is made in appellant's eleventh assignment of error that the court erred in refusing to submit to the jury the question of whether or not appellee Anderson was insolvent. The fact was immaterial to the case that went to the jury, and there was no error in the court's action.

Appellant contends in his eighth assignment of error that the court erred in rendering judgment in favor of the Donna irrigation district for a right of way over the land involved, but, as the statement under the proposition based upon this assignment does not set out any evidence, or reference thereto, upon the issue raised, the assignment will be considered waived.

For the reasons given, all assignments considered will be overruled, and the judgment will be affirmed.

Affirmed.