## · HAILE v. COKER. (No. 2257.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 30, 1924.)

1. **Landlord and tenant ⟺48(2)—Mental anguish not an element of actual damages for breach of contract to lease.**

In action of trespass to try title, in which defendant counterclaimed for breach by plaintiff of a contract to lease the land to defendant on shares of the crops, under which contract defendant claimed right to possession, defendant was not entitled to recover for mental anguish where exemplary damages were not pleaded.

2. **Appeal and error ⟺1064(1)—Submission of improper element of recovery not harmless.**

Submission of an improper element of recovery, the finding being general, will not be regarded as harmless.

3. **Trial ⟺25(13)—Defendant held entitled to open and close notwithstanding his plea of not guilty.**

In trespass to try title, where defendant admitted plaintiff's title and right to possession, and counterclaimed for breach of contract to lease the land to defendant, defendant was entitled to open and close under Rev. St. art. 1953, and his plea of not guilty did not deprive him of that right.

Appeal from District Court, Dickens County; J. H. Milam, Judge.

Action by C. C. Haile against G. T. Coker. Judgment for defendant on his counterclaim, and plaintiff appeals. Reversed and remanded.

W. D. Wilson and W. E. Lessing, both of Spur, for appellant.

G. E. Hamilton, of Matador, for appellee.

BOYCE, J. C. C. Haile brought this suit in trespass to try title against G. T. Coker, to recover a 165-acre tract of land in Dickens county. The petition was filed on January 12, 1923, and alleged that defendant unlawfully ejected plaintiff from the land on January 1, 1923; that the rental value of such premises was the sum of $2,000 per annum. Plaintiff prayed for judgment for title and possession of the land, and for rents, damages, and costs. The defendant pleaded not guilty, following this plea by a cross-action. In this cross-action he expressly admitted plaintiff's own-

ership of the land, and sought to recover damages for breach of a contract for the rental of the premises for the year 1923. In support of this cause of action he alleged the making of such contract, by the terms of which the defendant was to reside on said premises, cultivate the same, and use the pasture lands for the grazing of his stock for the year 1923, in consideration of which the plaintiff was to receive a stated percentage of the crops raised on the land during such time. The defendant further alleged that he was on the 1st day of January in possession of said premises under said contract; that the plaintiff breached the contract by filing a suit of forcible entry and detainer about January 2, 1923, for the recovery of the possession of said land, and wrongfully caused the defendant to be ejected from the premises by an officer of law about the 10th day of January, 1923; that such proceedings were void, and maliciously instituted, and were dismissed by the plaintiff prior to the time set for trial thereof; that he had been unable to find another farm for renting or permanent and continuous employment for himself, his teams and his family for the balance of the year; "that by reason of being deprived of the use and occupancy of the dwelling house on said premises and the right to graze his live stock on the pasture land of said premises defendant has been damaged in the sum of $1,000, and that he has suffered mental and physical anguish, shame, and humiliation to the extent of $500 by reason of being deprived of said home and rights of farming said premises." The plaintiff denied the making of the rental contract.

The jury found that the rental contract was made as alleged by defendant, and assessed the defendant's damages at the sum of $500. The court charged the jury that the measure of such damages was the market value of the crop the defendant would have grown on the land less the expense of cultivating, harvesting, and marketing it other than the labor of the defendant and his family, and, less such further sum as the defendant and his family could earn during the year at other employment, and, continuing, said:

"And if you should find that the defendant suffered from mental anguish by reason of being ejected from the premises in controversy, then, in addition to the above measure of damages, such sum as you, in your judgment, think will reasonably compensate the defendant for such mental anguish, if any."

The trial was had about the 1st of June, 1923, and it is first contended that defendant's cause of action so far partook of the nature of an action for breach of contract of employment as that damages could be recovered only up to the time of the trial. We would be disposed to overrule this proposition, Lamar v. Hildredth (Tex. Civ. App.) 209 S.

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

W. 169. However, the question will not arise on another trial, and we need not go into it further at this time.

[1, 2] The next proposition complains of the action of the court in submitting mental anguish as an element of actual damages. This we think was error. In cases of this kind mental anguish is not recoverable as an element of actual damages, but may be considered in assessing exemplary damages, if the pleading and evidence should warrant the recovery of such character of damages. The opinion of this court in the case of Bassham v. Evans (Tex. Civ. App.) 216 S. W. 451 (12–14), discusses the authorities at some length, and announces the conclusion above stated, so that we refer to that opinion as settling this proposition. The submission of an improper element of recovery, the finding being general, will not be regarded as harmless error. Texas Electric Ry. Co. v. Jones (Tex. Com. App.) 243 S. W. 980.

[3] Error is also assigned to the action of the court in allowing the defendant to open and conclude the argument to the jury. The defendant did not, before the trial began, make the admission provided by rule 31 for district and county courts. Article 1953, Revised Statutes, provides that—

"After the evidence is concluded, the parties may submit the case to the jury in argument; the party having under the pleadings the burden of proof on the whole case shall be entitled to open and conclude the argument."

Did the defendant, at the conclusion of the evidence, have the burden under the pleadings of the whole case? We think he did. It is not necessary for either party to introduce evidence as to facts admitted in the pleading. Ogden v. Bosse, 86 Tex. 336, 24 S. W. 801, and authorities there cited. The title to the land, under defendant's admission, was not in issue; neither did defendant's answer put in issue the right to actual possession at the time of the trial. The defendant acquiesced in plaintiff's resumption of possession, treating it as a breach of the rental contract, and sought only to recover damages for the breach. It might be suggested that the plea of not guilty had the effect of putting the plaintiff on proof of his case, notwithstanding the admissions of the cross-action. We do not believe, however, it should be given this effect. Ogden v. Bosse, 86 Tex. 336, 24 S. W. 801; Herring v. Swain, 84 Tex. 523, 19 S. W. 774. The plaintiff was, in our opinion, entitled to judgment for the title and possession of the land on defendant's pleading. However, the plea of not guilty did put in issue the question of plaintiff's right to recover rents and damages. But the plaintiff did not offer any evidence in support of such claim. The evidence showed that he acquired possession of the property on January 10th, so that on close of the evidence it was apparent that such allegation was merely formal—at least that it had been abandoned. On this development the burden was on the defendant on the whole case as made by the pleading, and we think the court properly allowed him to open and conclude the argument.

Reversed and remanded.