**SPURLOCK v. REPUBLIC BANK & TRUST CO.**
No. 1225.

Court of Civil Appeals of Texas. Waco.
Sept. 15, 1932.

A. R. Stout, of Ennis, for appellant.

J. C. Lumpkins, of Waxahachie, for appellee.

**BARCUS, J.**

Appellee instituted this suit in trespass to try title against J. S. and W. B. Spurlock to recover title to 110 acres of land in Ellis county. Henry Patak intervened, claiming that he was the owner of said land. J. S. Spurlock filed an answer, consisting of a plea of not guilty and a general denial, and by cross-action asked for judgment against Republic Bank & Trust Company. He alleged that he had rented said property on the third and fourth basis for the year 1930, that he had been forcibly ejected therefrom by appellee, and asked for $1,450 actual and $5,000 exemplary damages. W. B. Spurlock was dismissed from the suit. Upon the trial, it was agreed between all the parties that appellee had conveyed the land in controversy to Henry Patak and that the court should and it did, in accordance with said agreement, enter judgment for said Henry Patak awarding him the title and possession of the land. There being no complaint of that portion of the judgment dismissing the cause as to W. B. Spurlock and awarding Henry Patak the land, same is in said respects in all things affirmed. J. S. Spurlock alone appeals.

It appears from the record that appellant had for several years rented the property in controversy from appellee for farming purposes on the third and fourth basis. In January, 1930, appellee sold the land to Henry Patak and requested appellant to surrender possession. Upon his refusal to do so, it filed this suit in trespass to try title and had a writ of sequestration issued, and by virtue thereof obtained possession of the land and delivered same to Henry Patak.

The cause was tried to a jury and submitted on special issues. The jury found that

appellant had rented the property for the year 1930 from appellee, and that appellee had 'wrongfully, without probable cause, and maliciously procured the issuance of the writ of sequestration. It found that appellant had suffered no actual damages, but was entitled to $500 exemplary damages. Based on said findings, the trial court entered judgment refusing appellant any recovery, on the theory that he could not recover exemplary damages without having recovered actual damages.

At the close of the testimony, and after the charge was read to the jury, appellant asked the court, under the provisions of article 2183, Revised Statutes, for the right to open and conclude the argument to the jury, on the theory that the burden of proof of the whole case devolved upon him. The court refused this request, and appellant presents same for review. We sustain this assignment. Unquestionably, under the facts in this case, appellant had the burden of proof cast upon him on each and every phase of the case as submitted to the jury. While appellant had entered a plea of not guilty and a general denial, he specifically alleged that he did not claim any interest in the land, and was only seeking damages by reason of having been illegally evicted therefrom.

Upon the trial of the cause, the parties agreed that appellee had conveyed the land to Henry Patak, and that the trial court could and it did enter judgment in favor of Henry Patak for the land in controversy.

Article 2183 of the Revised Statutes provides that, "after the evidence is concluded and the charge is read, the parties may argue the case to the jury. The party having the burden of proof on the whole case shall be entitled to open and conclude the argument." Unquestionably, under the facts in this case as revealed by the record, the burden of proof was upon appellant to establish affirmatively all material issues submitted to the jury; this being true, appellant was, by virtue of said article 2183, Revised Statutes, entitled to open and conclude the argument, although he did not file any admission as provided by rule 31 for the trial of causes in the district court. Haile v. Coker (Tex. Civ. App.) 258 S. W. 228; Texas Power & Light Co. v. Jones (Tex. Civ. App.) 293 S. W. 885 (error refused); Engelman v. Anderson (Tex. Civ. App.) 243 S. W. 728 (error refused); City of Rosebud v. Vitek (Tex. Civ. App.) 210 S. W. 728; St. Louis Southwestern R. Co. v. Roman (Tex. Civ. App.) 244 S. W. 197 (error dismissed).

Appellee contends that the trial court correctly refused appellant's request on the theory that, since appellant had filed a plea of not guilty, the burden of proof was on it to show title to the land. We cannot agree with this contention. As above stated, appellee and appellant each agreed at the time of trial that the trial court should and it did enter judgment in favor of Henry Patak, the intervener, for the title and possession of the land in controversy. The sole issue then left for the trial court and jury to determine was whether appellant had a rental contract for the land in question for the year 1930 and whether appellee had illegally dispossessed him thereof, and, if so, the amount of damages he had suffered. The burden of proof rested upon appellant to establish the affirmative of each of these issues.

The judgment of the trial court is reversed, and the cause remanded.