## WALKER et al. v. MONEY.

### No. 4805.

Court of Civil Appeals of Texas. Texarkana.

Feb. 18, 1936.

Rehearing Denied March 5, 1936.

H. R. Wilson and H. S. Garrett, both of Fort Worth, J. W. Timmins, of Dallas, Wm. Hodges and King, Mahaffey & Wheeler, all of Texarkana, Edwin Lacy, of Longview, Geo. Prendergast, of Marshall, and Jack Price, of Longview, for appellants.

Campbell & Leak, and Taylor, Storey & Dotson, all of Longview, for appellee.

JOHNSON, Chief Justice.

Appellee, Allison Money, was plaintiff in the trial court. His amended original petition on which he went to trial alleges the statutory action of trespass to try title and contains special pleas of title by 3, 5, and 10 year statutes of limitation, to 350 acres of land located in Gregg county.

Appellants Dr. E. L. Walker and wife, Mrs. E. L. (Nannie) Walker, the Sun Oil

Company, and the Texas Company were defendants in the trial court. Dr. Walker and wife answered by general denial, plea of not guilty, and pleas of 3, 5, 10, and 25 year statutes of limitation in defense of plaintiff's suit. Separate answers were filed by Sun Oil Company and the Texas Company, each of which was substantially in form as the answer of Dr. Walker and wife.

Before the case went to trial, Allison Money filed an affidavit to the effect that a certain deed dated May 30, 1902, purporting to have been executed by Allison Money and conveying the land in controversy to Mrs. E. L. Walker, was a forgery.

The case was tried to a jury. At the conclusion of the evidence, it appears that plaintiff, Allison Money, had established, by uncontroverted evidence, his title and right to recover the land, unless the same should be defeated by an affirmative answer to one or more of three controverted issues to be submitted to the jury on behalf of the defendants. In answer to the three special issues the jury found: (1) That plaintiff, Allison Money, did not execute the deed above referred to, purporting to convey the land to Mrs. E. L. Walker; (2) that defendants had not held peaceable and adverse possession of the land for a period of 25 years under claim of right, in good faith, under deed or deeds purporting to convey the land; (3) that defendants had not held peaceable and adverse possession of the land, cultivating, using, or enjoying the same for any consecutive period of ten years. The burden being upon the defendants to establish the affirmative of the issues, and the answers of the jury being in the negative, judgment was accordingly rendered for plaintiff for the title and possession of the land. Defendants have appealed.

Appellants' first proposition complains of the action of the trial court in refusing their request to be permitted to open and conclude the argument to the jury. At the conclusion of the evidence, and after the court had prepared and submitted his charge, counsel for defendants (appellants) filed and presented to the court a written request to be allowed to open and conclude the argument. The request was based upon the ground that the burden of proof, as to all the issues submitted to to the jury, was upon defendants. The request was denied. Counsel for plaintiffs opened and concluded the argument.

The order of argument is regulated by R.S. art. 2183, and rule 31 adopted by the Supreme Court for practice in District and County Courts (142 S.W. xx). Article 2183 reads as follows: "After the evidence is concluded and the charge is read, the parties may argue the case to the jury. The party having the burden of proof on the whole case shall be entitled to open and conclude the argument; where there are several parties having separate claims or defenses, the court shall prescribe the order of argument between them."

Rule 31 reads as follows: "The plaintiff shall have the right to open and conclude, both in adducing his evidence and in the argument, unless the burden of proof of the whole case under the pleadings rests upon the defendant, or unless the defendant, or all of the defendants, if there should be more than one, shall, after the issues of fact are settled and before the trial commences, admit that the plaintiff has a good cause of action as set forth in the petition, except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial; which admission shall be entered of record, when the defendant, or the defendants, if more than one, shall have the right to open and conclude in adducing the evidence and in the argument of the cause."

Appellants (defendants) do not contend that the burden of proof of the whole case under the pleadings rested upon them, nor do they contend that their request was, or was intended to be, a compliance with rule 31. Appellants do not claim that their request to open and conclude the argument is founded upon any of the provisions of rule 31. They base the request solely upon the terms of article 2183, R.S. It is the contention of appellants that "under the statute the defendant is entitled to open and conclude the argument if, when the evidence is concluded, the issues of fact to be submitted to and passed upon by the jury are affirmative defenses which the defendant has the burden of proving."

Appellants assert that rule 31 is not based upon the statute; that article 2183 is referable to and is meant to regulate the order of argument under a condition different from any condition referred to in rule 31; that the expression "burden of proof of the whole case" in article 2183 has a different meaning from the expression "burden of proof of the whole case under the plead-

ings" in rule 31; that "burden of proof on the whole case" in the statute is meant and has reference only to the issues· that are actually submitted to the jury. Appellants further contend that their construction of the statute finds support in the circumstances that prior to the 1925 revision of our statutes the old article 1953 (now 2183) contained, as does now rule 31, the phrase "under the pleadings" immediately following the words "whole case"; and that striking the phrase "under the pleadings" from the statute in the 1925 revision changed the rule to that contended for by appellants.

We are unable to agree with appellants' contention. The language "the burden of proof on the whole case," as used in article 2183, and the language "the burden of proof of the whole case under the pleadings," as used in rule 31, and as formerly contained in the statute, are expressions having the same meaning. The phrase "under the pleadings" clarified, but did not alter, the meaning of the language left in the statute, in that the "burden of proof on the whole case" is necessarily fixed and determined "under the pleadings," and before the introduction of evidence begins. It rests upon the party against whom judgment must be entered under the settled pleadings should neither side introduce any evidence. The burden of proof on the whole case never shifts from one party to another during the trial, but remains with the party upon whom it is placed under the pleadings. Jester v. Steiner, 86 Tex. 415, 25 S.W. 411; Boswell v. Pannell, 107 Tex. 433, 180 S.W. 593; 22 C.J. § 13, p. 67 et seq.

In support of their contention appellants rely upon the cases of Spurlock v. Republic Bank & Trust Co. (Tex.Civ.App.) 53 S.W.(2d) 93; St. Louis Southwestern Ry. Co. v. Roman (Tex.Civ.App.) 244 S. W. 197; Haile v. Coker (Tex.Civ.App.) 258 S.W. 228; Engelman v. Anderson (Tex.Civ.App.) 243 S.W. 728, 730; Knight Realty Co. v. Williams (Tex.Civ.App.) 193 S.W. 168, 169; Cunningham v. M. W. & B. G. Daves (Tex.Civ.App.) 141 S.W. 808. An examination of the authorities cited by appellants will reveal that we are not in conflict with the holding of any of them. The assignment is overruled.

■ Appellants' propositions 2 and 3 complain of the following argument to the jury made by one of the attorneys for appellee, in discussing the testimony of appellants' witness Herman Victory: "Then after he (Victory) had been interviewed by the son-in-law of Doctor Walker (one of the appellants) some little time later—some little time thereafter and nobody knows what happened, why he then remembered, because the Doctor dug up an old book wherein he had made an entry."

At this juncture an attorney for appellants interrupted the argument and stated to the court that he took a bill of exceptions to the remarks made to the jury by the attorney for appellee on the ground that the remarks were not warranted by the testimony; that it left the inference that the son-in-law of Dr. Walker did some corrupt thing, that it was inflammatory and prejudicial. No request was made to have the court withdraw the statement from the jury nor to instruct the jury not to consider it. The court ruled: "You have taken your bill, go ahead." Whereupon the attorney for appellee continued addressing the jury and stated: "You know, gentlemen, when the gaff is properly put the game rooster sometimes squalls." To which remark the attorney for appellants also excepted, but made no request to the court to withdraw the statement from the jury or to instruct them not to consider it.

The record shows that Herman Victory's name is subscribed as a witness to the mark of Allison Money to the alleged forged deed purporting to convey the land from Allison Money to Mrs. E. L. Walker. Herman Victory had been interviewed by appellants prior to a former trial of this case, in which trial the alleged forgery of the deed was a contested issue; that Herman Victory was present in the courtroom at the former trial and heard the testimony and the argument of the attorneys concerning the alleged forged deed; that, after the trial was over, he stated to the attorneys for appellee and to divers other persons, from time to time, that he had no recollection of the deed or of having witnessed it. The other name appearing on the alleged deed as a witness to its execution was that of one Jerome C. Kilgore. It appears that he also had no recollection of having witnessed the instrument and was not called as a witness at the first trial. Sometime after the former trial and before the present trial, Dr. Walker's son-in-law and Herman Victory went to Wichita Falls, Tex., to interview the witness Jerome Kilgore; that Dr. Walker's son-in-law furnished the car and expenses on this

trip, which he and Victory took to Wichita Falls to see Kilgore; that after this drive with Dr. Walker's son-in-law, and after Dr. Walker had shown the witness Victory an old book of accounts, Victory, according to his testimony on the present trial, then remembered witnessing the deed. It was this testimony and these circumstances that the attorney for appellee was discussing when he said: "Then after he (Victory) had been interviewed by the son-in-law of Dr. Walker some little time later—some little time thereafter, and nobody knows what happened, why he then remembered, because the Doctor dug up an old book wherein he had made an entry."

It will be noted that the attorney expressed no opinion regarding the circumstances under which Victory's memory was refreshed, but only directed the jury's attention to the testimony and circumstances, and left it for the jury to draw their own inference. We do not think the argument presents reversible error. In Davis v. Hill, 298 S.W. 526, 527, supported by circumstances less than here presented, the Commission of Appeals held the following argument was not improper: "It looks to me, gentlemen, and I am warranted in saying it, that that man's testimony (Ferguson, a witness for the defendants) was made out of the whole cloth from start to finish. If that is true, gentlemen, there has been an influence working in this case that was not proper."

In holding the above argument not improper in the circumstances in which it was uttered (of a nature similar to the present case), the court said: "The valuable right of counsel to argue his case should not be so restricted as to deprive him of the right to state fully his version of the testimony and the credibility of the witnesses in the light of all the circumstances."

Appellants' fourth proposition complains of the following remarks made to the jury by one of the attorneys for the appellee: "Now I want to get away from the same kind of speech that these Mother Hubbard lawyers got in here. Did you hear Bert Wilson, did you hear Judge Garrett, did you hear Edwin Lacy, did you hear Jack Price (attorneys for appellants) discuss the three questions you have got to answer, did you?"

Attorneys for appellants objected to the statement made by the attorney for appellee, at the time it was made, as casting a reflection upon them, and the attorney for appellee who made the statement withdrew the "Mother Hubbard" part of the remark and explained in the presence of the jury that what he meant by "Mother Hubbard" lawyer was one who talks about the whole of the case and never talks about any particular issue to be determined by the jury, charging that the attorneys for appellants had not discussed the questions submitted by the court to the jury.

We do not think the argument either inflammatory, prejudicial, or so improper as to require a reversal of the case.

Appellants' propositions 5 to 7, inclusive, also complain of parts of the argument made by counsel for appellee. We have examined each of the propositions carefully in the light of the record and circumstances under which the argument was made, and do not feel that either of the propositions present reversible error.

Appellants' eighth proposition asserts: "The finding of the jury that the deed relied on by the appellants from Allison Money to Mrs. Walker, was not executed by Allison Money, was against the great weight and preponderance of the evidence. Such finding was clearly induced by the inflammatory remarks of counsel for appellee in their remarks to the jury. Therefore the trial court erred in overruling appellants' motion for new trial."

We do not deem it necessary to quote here the voluminous record of the testimony on the issue to which the above proposition relates. It is sufficient to state that Allison Money testified that he did not execute the deed in question and that he was not in Gladewater, the place of the alleged execution of the deed on the date on which it was executed, and in this he is supported by the testimony of a number of witnesses. Their credibility and the weight to be given to their testimony was determined by the jury. We do not find that any of the argument complained of by the appellants is in nature inflammatory. The assignment is respectfully overruled.

The judgment of the trial court is affirmed.