**FIRST NAT. BANK OF SAN ANGELO et al. v. UPPER.**

No. 8745.

Court of Civil Appeals of Texas. Austin.

Nov. 16, 1938.

Rehearing Denied Dec. 14, 1938.

C. T. Dalton and Olin Blanks, both of San Angelo, for appellants.

Kerr & Gayer and J. D. Burns, all of San Angelo, for appellee.

BLAIR, Justice.

Appellants sued appellee in trespass to try title to recover the real estate in controversy, and from a judgment in favor of appellee have prosecuted this appeal.

The appellants are the First National Bank of San Angelo, suing as independent executor and trustee of the estate of S. C. Parsons, deceased, and Mrs. Nora H. Parsons, his surviving widow, who set up her community interest in the land in controversy. Their petition was in statutory form of trespass to try title. Appellee filed a general denial which included a denial of the capacity of the First National Bank of San Angelo to sue as executor of the estate of S. C. Parsons, deceased, and a plea of not guilty; and by cross action alleged that she had purchased the property in controversy from S. C. Parsons. At the beginning of the testimony it was "agreed by and between the parties that S. C. Parsons is the common source of title to the property in controversy, and that he had title and color of title to such property at the time Mrs. Nesbitt (now Mrs. Upper), the original defendant herein, claims to have purchased said property, or acquired title thereto." This agreement did not admit the capacity in which appellant bank sued, nor that title passed to it as executor under the will; nor that Mrs. Parsons owned a community interest in the land; all of:

which appellee contested. Appellants, therefore, offered in evidence a deed from Dora Buchanan to S. C. Parsons, the will of S. C. Parsons, and the probate proceedings thereon; and offered testimony relating to the issue of whether the appellant, First National Bank of San Angelo, was still acting in the capacity of executor of the estate of S. C. Parsons under the will. Appellee then proceeded with her testimony with regard to her cross action. The undisputed evidence showed that S. C. Parsons owned the land at the time of his death, except for the claim of appellee that she had purchased it from Parsons under the contract and deed alleged; and only issues presenting her claim to the land were submitted to the jury, and upon which the burden of proof was placed on appellee. At the conclusion of the evidence and after the charge had been prepared, but before it was read to the jury, the court, over the objection of appellants, granted the oral request of appellee's counsel to open and conclude the argument of the case to the jury; sustaining the contention of counsel that they had the right to do so under Art. 2183, which provides: "After the evidence is concluded and the charge is read, the parties may argue the case to the jury. The party having the burden of proof on the whole case shall be entitled to open and conclude the argument; * * *."

■ The trial court erred in permitting appellee's counsel to open and conclude the argument. This exact question was determined in the recent case of Walker v. Money, Tex.Civ.App., 93 S.W.2d 602, 603, in which the Supreme Court granted a writ of error, and on October 26, 1938, the Commission of Appeals, opinion adopted by the Supreme Court, affirmed the judgment of the Court of Civil Appeals. 120 S.W.2d 428. Counsel for appellee concede in the brief filed herein that the Walker Case is in direct conflict with the cases upon which they rely; and since the opinions of the Court of Civil Appeals and the Commission of Appeals clarify all such conflicts with regard to the meaning of Rule 31 of District Courts and Art. 2183, R.S. 1925, no useful purpose can be served by further discussion. Suffice it to say that the instant case is on all fours with the Walker Case, which held that [page 603] "the burden of proof on the whole case" is not determinable by who has the burden of proof on the charge or special issues; but by who has the burden of proof on the whole case under the pleadings.

We have carefully examined appellants' several remaining propositions and find that neither presents error requiring a reversal of the case. The error in permitting appellee to open and conclude the argument of the case to the jury requires that the judgment of the trial court be reversed and the cause remanded.

Reversed and remanded.